CHRISTINE M. BOOZE
Nevada Bar No. 7168
ANDREW D. SMITH
Nevada Bar No. 8890
WINNER BOOZE & ZARCONE
1117 South Rancho Drive
Las Vegas, Nevada 89102
Phone (702) 243-7000
cbooze@winnerfirm.com
asmith@winnerfirm.com
*Attorneys for Defendant State Farm Mutual*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOANNE LIU and WESLEY CHONG,<br><br>            Plaintiffs,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and DOES I through X, inclusive,<br><br>            Defendants. | CASE NO.: 2:22-cv-00099<br><br>**PETITION FOR REMOVAL** |

Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY "(State Farm Mutual"), by and through its attorneys of record, Christine M. Booze and Andrew D. Smith of the law firm WINNER BOOZE & ZARCONE, submits this Petition for Removal in accordance with 28 U.S.C. §§ 1332, 1441 and 1446.  Removal is warranted under 28 U.S.C. § 1332(a)(1) because this is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  In support of this Petition for Removal the Defendant states as follows:

1. On December 1, 2021, Plaintiffs filed an action titled *JOANNE LIU and WESLEY CHONG vs. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, and DOES I through X, inclusive* in the Eighth Judicial District Court of Clark County, Nevada, Case No. A-21-844820-C (the "State Court Action"). The case was assigned to Department 17.

WINNER BOOZE & ZARCONE
A NEVADA LAW FIRM

2. In accordance with 28 U.S.C. § 1446(a), copies of the Summons and Complaint are attached as Exhibit A. A copy of the Insurance Commissioner's Service of Process transmittal is attached as Exhibit B.

3. There are no matters pending in the State Court Action that require resolution by this court.

4.  Because this is a civil action between citizens of different states involving an amount in controversy in excess of $75,000, exclusive of interest and costs, removal of this matter is proper pursuant to 28 U.S.C. § 1332.

<u>DIVERSITY OF CITIZENSHIP</u>

5. Upon information and belief, Plaintiffs are residents of the State of Nevada. *See* Exhibit A, page 1, ¶¶ 1-2.

6. Defendant is a Delaware corporation headquartered in Illinois, lawfully conducting business in the State of Nevada.

7. The DOE Defendants in this action have not been identified and are merely nominal parties without relevance to the causes of action.  Exhibit A at ¶ 5.

8. Diversity of citizenship exists under these facts. *See* 28 U.S.C. § 1332(c).

9. Complete diversity of citizenship existed between Plaintiffs and Defendant at the time the Plaintiffs filed and served the State Court Action, and complete diversity of citizenship exists at the time of removal.

<u>AMOUNT IN CONTROVERSY</u>

10. As required by 28 U.S.C. § 1332, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

11. According to the Complaint, Plaintiffs were occupants of a vehicle involved in a collision in Clark County, Nevada on February 12, 2017. Plaintiffs allege their vehicle was struck by another driver, and that this other driver was negligent. At the time of the accident, they were each covered by separate policies of automobile insurance issued by State Farm Mutual. Both policies included uninsured/underinsured (UM/UIM) motorist coverage.

12. Plaintiffs' Complaint seeks "general damages in an amount in excess of $15,000.00," consistent with Nevada Rule of Civil Procedure 8(a). *See* Exhibit A, page 6 ¶ 1. N.R.C.P. 8(a) states, "[w]here a claimant seeks damages of more than $15,000.00, the demand shall be for damages 'in excess of $15,000.00' without further specification of amount."

13. A defendant may remove a suit to federal court notwithstanding the failure of a plaintiff to plead a specific dollar amount in controversy.  Where, as here, a plaintiff has alleged no specific sum of damages, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. Lowdermilk v. United States Nat'l Assoc., 479 F.3d 994, 998 (9th Cir. 2007); Abrego v. Dow Chemical Co., 443 F.3d 676, 683 (9th Cir. 2007).

14. To satisfy the preponderance of the evidence test, a defendant must provide evidence that "it is more likely than not" that the amount in controversy is greater than $75,000. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

15. Plaintiffs seek more than $75,000 in damages, exclusive of interest and costs.

   a. Plaintiff Joanne Liu's UM/UIM policy has a policy limit of $500,000. *See* Exhibit C, Joanne Liu Policy Declarations.

   b. Plaintiff Wesley Chong's UM/UIM policy has a policy limit of $250,000. *See* Exhibit D, Wesley Chong Policy Declarations.

   c. Plaintiff Liu's pre-litigation demand letter requested payment of $1,000,000 or the policy limit. It was later reduced to $750,000 or the policy limit. *See* Exhibit E, Demand Letters, and Exhibit F, Declaration of Andrew D. Smith, Esq.

   d. Plaintiff Chong's pre-litigation demand requested payment of $300,000. *See* Exhibit E, Demand Letter, and Exhibit F, Declaration of Andrew D. Smith, Esq.

   e. The values of Plaintiffs' claims are disputed.

16. Based on the foregoing, State Farm Mutual has met its burden of showing it is more likely than not that the amount in controversy exceeds $75,000.

<u>TIMELINESS AND OTHER REQUIREMENTS</u>

17. 28 U.S.C. § 1446(b)(1) states, "The notice of removal of a civil action or proceeding shall

be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…"

18. State Farm Mutual files this Notice of Removal within 30 days of its initial receipt of the Summons and Complaint.

    a. The Summons and Complaint were delivered to the Nevada Insurance Commissioner on December 16, 2021.

    b. The Nevada Insurance Commissioner forwarded the Summons and Complaint to State Farm Mutual via certified mail on December 20, 2021.

    c. State Farm Mutual received the Summons and Complaint on December 21, 2021, which was the first date that State Farm became aware of the existence of the State Court Action. *See* Exhibit F, Declaration of Andrew D. Smith, Esq.

19. Pursuant to 28 U.S.C. § 1446(d), Defendant State Farm Mutual is contemporaneously filed a copy of this Petition for Removal with the clerk of the Eighth Judicial District Court in Clark County, Nevada and is providing written notice to the plaintiff by serving a copy of the instant Petition for Removal on counsel for the plaintiff.

DATED this 20th day of January, 2022.

WINNER BOOZE & ZARCONE

Christine M. Booze
Nevada Bar No. 7168
Andrew D. Smith
Nevada Bar No. 8890
1117 South Rancho Drive
Las Vegas, Nevada 89102
Tel: (702) 243-7000
cbooze@winnerfirm.com
asmith@winnerfirm.com
*Attorneys for Defendant State Farm Mutual Automobile Insurance Co.*

<u>CERTIFICATE OF SERVICE</u>

I certify that on this 20th day of January, 2022, the foregoing    ANSWER TO COMPLAINT was served on the following by mailing by depositing with the U.S. mail in Las Vegas, Nevada, enclosed in a sealed envelope with first class postage prepaid.  Addressed as follows:

Robert E. Marshall, Esq.
MARSHALL LAW OFFICE
625 S. Eighth Street
Las Vegas, NV 89101
robert@marshallnevada.com
*For the Plaintiffs*

                                              /s/ Andrew D. Smith
                                              An employee of WINNER BOOZE & ZARCONE

**Exhibit A**

Electronically Issued
12/1/2021 4:43 PM

SUMM

# DISTRICT COURT
## CLARK COUNTY, NEVADA

JOANNE LIU and WESLEY CHONG,   )
                               )
          Plaintiffs,          )          CASE NO: A-21-844820-C
                               )              Department 17
                               )   Case No. :
     vs.                       )   Dept. No.:
                               )
STATE FARM MUTUAL AUTOMOBILE   )
INSURANCE COMPANY, and DOES I  )
through X, inclusive,          )
                               )
          Defendants.          )
_____)

### SUMMONS

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

   1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:
         a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
         b. Serve a copy of your response upon the attorney whose name and address is shown below.

   2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

   3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

   4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this summons within which to file an answer or other responsive pleading to the complaint.

Issued at the direction of:                    STEVEN D. GRIERSON, CLERK OF COURT

_____               _____   12/3/2021
ROBERT E. MARSHALL, ESQ.         By:          Deputy Clerk                    Date
625 S. Eighth Street                          County Courthouse   Alisa-Mae Chapman
Las Vegas, Nevada 89101                       200 Lewis Avenue
                                              Las Vegas, Nevada 89155
Attorney for Plaintiff(s)

NOTE: When service is by publication, add a brief statement of the object of the action.
      See Rules of Civil Procedure 4(b).

12:04 p.m.

RECEIVED
DEC 16 2021
DIVISION OF INSURANCE
STATE OF NEVADA

STATE OF NEVADA              )                                    **AFFIDAVIT OF SERVICE**
                            )ss:
COUNTY OF CLARK             )

_____, being duly sworn, says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, no a party to nor interested in the proceeding in which this affidavit is made,  That affiant received _____ copy(ies) of the Summons and Complaint, _____

on the _____ day of _____, 2021, and served the same on the _____ day of _____, 2021, by:
        **(Affiant must complete the appropriate paragraph)**

1.    Delivering and leaving a copy with the Defendant_____at (state
       address)_____.

2.    Serving the Defendant _____ By personally delivering and leaving a copy
       with _____, a person of suitable age and discretion residing at the
       Defendant's usual place of abode located at: (state address)_____.

                     (Use paragraph 3 for service upon agent, completing A or B)

3.    Serving the Defendant _____ by personally delivering and leaving a copy
       at (state address)_____.

       a.    With _____ as _____, an agent  lawfully
              designated by statute to accept service of process;
       b.    With _____, pursuant to NRS 14.020 as a person of suitable age an
              discretion at the above address, which address is the address of the residence agent as shown on the
              current certificate of designation filed with the Secretary of State.

4.    Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope
       postage prepaid (Check appropriate method):

                          _____ Ordinary mail
                          _____ Certified mail, return receipt requested
                          _____ Registered mail, return receipt requested

addressed to the defendant _____ at Defendant's last known address which is
(state address)_____.

**SUBSCRIBED AND SWORN** to before me this
_____ day of _____, 2021.                    _____
                                                        Signature of person making service

_____
**Notary Public in and for the**
County of Clark, State of Nevada

My commission expires: _____
(SEAL)



Electronically Filed
12/1/2021 4:43 PM
Steven D. Grierson
CLERK OF THE COURT

1  COMP
   ROBERT E. MARSHALL, ESQ.
2  Nevada Bar No.: 4327
   MARSHALL LAW OFFICE
3  625 S. Eighth Street
   Las Vegas, Nevada 89101
4  (702) 474-0100
   robert@marshallnevada.com
5  Attorney for Plaintiffs

CASE NO: A-21-844820-C
Department 17

6                    DISTRICT COURT

7               CLARK COUNTY, NEVADA

8  JOANNE LIU and WESLEY CHONG,           )
                                          )
9            Plaintiffs,                   )
                                          )  Case No. :
10     vs.                                 )  Dept. No.:
                                          )
11  STATE FARM MUTUAL AUTOMOBILE           )
    INSURANCE COMPANY, and DOES I          )
12  through X, inclusive,                  )
                                          )
13          Defendants.                    )
                                          )
14

15                     **COMPLAINT**

16     Plaintiffs complain of Defendants, and each of them, and for

17  cause of action alleges:

18     1.    At the time of the collision described herein, Plaintiff

19  Joanne Liu was a resident of the County of Clark, State of Nevada.

20     2.    At the time of the collision described herein, Plaintiff

21  Wesley Chong was a resident of the County of Clark, State of

22  Nevada.

23     3.    At the time of the collision described herein, Defendant

24  State Farm Mutual Automobile Insurance Company, was and is an

25  insurance company duly authorized to transact business in the State

26  of Nevada.

27     4.    The actions of Defendants herein alleged all occurred

28  within the County of Clark, State of Nevada.

MARSHALL LAW OFFICE
625 S. Eighth Street
Las Vegas, Nevada 89101
(702) 474-0100 FAX (702) 474-0150

Page 1 of 6

12:04 P.M.

RECEIVED
DEC 16 2021
DIVISION OF INSURANCE
STATE OF NEVADA

5.    That the true names and capacities of Defendants named herein as DOES I through X, inclusive, whether individual, corporate, associate or otherwise, are presently unknown to Plaintiffs who therefore sue said Defendants by such fictitious names.  Plaintiffs are informed and believe and thereon allege that each of the Defendants so designated herein as DOES I through X is responsible in some manner and caused and contributed to the damages herein alleged, or are legally responsible under principles of agency law.  The legal responsibility of said DOES I through X arises out of their issuance of a policy of insurance containing underinsured motorist coverage and other compensable coverage payable to the Plaintiffs as a result of the damages and injuries sustained in the collision described herein.  Plaintiffs will ask leave of court to amend this Complaint to insert the true names and capacities of DOES I through X, inclusive, when the same have been ascertained, and to join Defendants as such in this action.

6.    Rampart Boulevard is a public roadway, maintained and situated within Clark County, Nevada.

7.    At all times mentioned herein, Plaintiff Joanne Liu was the owner and operator of a 2015 Lexus vehicle.

8.    At all times mentioned herein, Plaintiff Wesley Chong was a passenger in the 2015 Lexus vehicle operated by Joanne Liu.

9.    At all times mentioned herein, Noreen Alspach was a passenger in the 2015 Lexus vehicle operate by Joanne Liu.

10.    At all times mentioned herein, Vincent Risafi was the owner and operator of a 2015 Hyundai vehicle.

11.    On or about February 12, 2017, Joanne Liu was operating said Lexus vehicle and was traveling south on Rampart Boulevard

MARSHALL LAW OFFICE
625 S. Eighth Street
Las Vegas, Nevada 89101
(702) 474-0100 FAX (702) 474-0150

RECEIVED
DEC 16 2021
DIVISION OF INSURANCE
STATE OF NEVADA

1  when she slowed and stopped her vehicle in accordance with traffic

2  conditions and was struck from the rear by the vehicle driven by

3  Vincent Risafi, causing injury and damage.

4      12.  On  or  about  February  12,  2017,  Vincent  Rasafi  was

5  operating said 2015 Hyundai vehicle when he failed operate his

6  vehicle in accordance with traffic conditions, and struck the rear

7  of the vehicle operated occupied by Plaintiffs.

8      13.  On or about February 12, 2017, Vincent Risafi controlled

9  and operated his vehicle in such an unlawful, negligent, reckless

10  and careless manner so as to cause a collision with the vehicle

11  occupied by Plaintiffs. Said collision occurred in the County of

12  Clark, State of Nevada.

13      14.  As a direct and proximate result of the negligence of

14  Vincent  Risafi,  Plaintiffs  have  sustained  serious  and  severe

15  injuries to their persons requiring extensive medical treatment.

16  Some of said injuries may be permanent in nature and may require

17  further medical treatment.  As a consequence of said injuries, said

18  Plaintiffs  have  suffered,  continue  to  suffer,  and  will  for  an

19  indefinite  period  of  time  in  the  future,  suffer  severe  and

20  excruciating physical pain and discomfort.

21      15.  Plaintiffs have incurred medical expenses, and may in the

22  future,  incur  additional  medical  expenses,  as  a  result  of  the

23  injuries to their persons caused by the negligent acts of Vincent

24  Risafi.

25      16.  Plaintiffs have incurred various special damages, as a

26  result of the injuries to their persons caused by the negligent

27  acts of Vincent Risafi, in amounts to be established at the time of

28  trial.

MARSHALL LAW OFFICE
625 S. Eighth Street
Las Vegas, Nevada 89101
(702) 474-0100 FAX (702) 474-0150

Page 3 of 6

17. At the time of the collision described herein, the vehicle which Vincent Risafi was driving was insured by GEICO Casualty Company, carrying bodily injury liability limits of $25,000.00 per person. GEICO Casualty Company has paid $25,000.00 to Joanne Liu for the bodily injuries she sustained in this collision; $24,500.00 to Wesley Chong for the bodily injuries he sustained in this collision; and $500.00 to Noreen Alspach for the bodily injuries she sustained in this collision.

18. GEICO Casualty Company has paid out a total of $50,000.00, representing the total amount of bodily injury liability coverage available to Vincent Risafi.

19. The injuries and damages sustained by Plaintiffs in the collision giving rise to this litigation are in excess of the available liability limits which are or were available to Vincent Risafi.

20. The actions of Vincent Risafi were the sole cause of the collision described herein.

21. Nothing on the part of Joanne Liu or Wesley Chong contributed to the collision described herein.

### BREACH OF CONTRACT

22. At all times mentioned herein, State Farm Mutual Automobile Insurance Company sold and issued a policy of automobile insurance or otherwise provided insurance coverage to Plaintiffs under a policy of insurance containing underinsured motorist coverage and other compensable coverage.

23. Plaintiffs have complied with all the terms and conditions required of them under the policy of insurance with State Farm Mutual Automobile Insurance Company.

MARSHALL LAW OFFICE
625 S. Eighth Street
Las Vegas, Nevada 89101
(702) 474-0100 FAX (702) 474-0150

RECEIVED
DEC 16 2021
DIVISION OF INSURANCE
STATE OF NEVADA

24.   Defendant State Farm Mutual Automobile Insurance Company owes underinsured motorist benefits and other compensable benefits to Plaintiffs, pursuant to the terms of their policy of insurance and by operation of law.

25.   Demand has been made upon State Farm Mutual Automobile Insurance Company to fully compensate Plaintiffs for their underinsured motorist claims.

26.   Defendant State Farm Mutual Automobile Insurance Company has failed and refuses to fully compensate Plaintiffs for their underinsured motorist claims arising out of the collision described herein.

27.   Despite demand having been made, Defendant State Farm Mutual Automobile Insurance Company has failed and refuses to compensate Plaintiffs for their underinsured motorist claims arising out of the collision described herein, and has breached their contract of insurance with Plaintiffs.

28.   Defendant State Farm Mutual Automobile Insurance Company has failed to deal fairly with Plaintiffs in that the value of Plaintiffs injuries and damages exceeds the amount that they have recovered from the bodily injury policy of insurance that provided coverage to Vincent Risafi.

29.   Plaintiffs have been forced to initiate this lawsuit in order to be compensated for the injuries and damages they sustained in this collision.

30.   Plaintiffs have had to retain the services of an attorney to prosecute this matter and are entitled to an award of reasonable attorneys fees, costs of suit and interest.

MARSHALL LAW OFFICE
625 S. Eighth Street
Las Vegas, Nevada 89101
(702) 474-0100 FAX (702) 474-0150

Page 5 of 6

RECEIVED
DEC 1 6 2021
DIVISION OF INSURANCE
STATE OF NEVADA

1    **WHEREFORE,** Plaintiffs each pray for judgment against the
2    Defendants, and each of them, for damages as follows:

3        1.    For general damages in an amount in excess of $15,000.00;

4        2.    For special damages according to proof at the time
5    of trial;

6        3.    For costs of suit, reasonable attorney's fees and
7    interest; and

8        4.    For such other and further relief as this Court
9    deems just and proper.

10

11

12                                    ROBERT E. MARSHALL, ESQ.
13                                    Nevada Bar No.: 4327
                                      MARSHALL LAW OFFICE
                                      625 S. Eighth Street
14                                    Las Vegas, Nevada 89101
                                      Attorney for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28



RECEIVED
DEC 16 2021
DIVISION OF INSURANCE
STATE OF NEVADA

MARSHALL LAW OFFICE
625 S. Eighth Street
Las Vegas, Nevada 89101
(702) 474-0100 FAX (702) 474-0150

**Exhibit B**

3813
Nevada Division of Insurance
1818 E. College Pkwy., Suite 103
Carson City, NV 89706-7986



9171 9690 0935 0270 5849 55

Hasler                     FIRST-CLASS MAIL
12/20/2021
US POSTAGE $006.96°



ZIP 89701
011D12604213

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY
CORPORATION SERVICE COMPANY
112 N CURRY ST
CARSON CITY NV  89703-4934

GSP PXG

'616STEVE SISOLAK
*Governor*

**STATE OF NEVADA**



TERRY REYNOLDS
*Director*

BARBARA D. RICHARDSON
*Commissioner*

DEPARTMENT OF BUSINESS AND INDUSTRY
**DIVISION OF INSURANCE**
1818 East College Pkwy., Suite 103
Carson City, Nevada 89706
(775) 687-0700 • Fax (775) 687-0787
Website: doi.nv.gov
E-mail: insinfo@doi.nv.gov

December 17, 2021

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (License No. 616)
CORPORATION SERVICE COMPANY
112 N CURRY ST
CARSON CITY NV  89703-4934

Re:     Notice of Service of Process (SOP No. 2260)
         Certified Mail No. 9171 9690 0935 0270 5849 55
         Joanne Liu and Wesley Chong v. State Farm Mutual Automobile Insurance Company
         A-21-844820-C, District Court, Clark County, Nevada

Enclosed you will find a summons or initial documents, which has been personally served upon
the Nevada Commissioner of Insurance as statutory attorney to accept service of process on your
behalf.  These documents were served at 12:04 p.m. on December 16, 2021.

Sincerely,

Barbara D. Richardson
Commissioner of Insurance

By:    /s/ Betsy Gould
        Service of Process Clerk

Enclosure



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Mutual Automobile Insurance Company<br>Entity ID Number  3461675 |
| **Entity Served:** | State Farm Mutual Automobile Insurance Company |
| **Title of Action:** | Joanne Liu vs. State Farm Mutual Automobile Insurance Company |
| **Matter Name/ID:** | Joanne Liu vs. State Farm Mutual Automobile Insurance Company (11848470) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Clark County District Court, NV |
| **Case/Reference No:** | A-21-844820-C 17 |
| **Jurisdiction Served:** | Nevada |
| **Date Served on CSC:** | 12/21/2021 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | Dept. of Insurance |
| **How Served:** | Certified Mail |
| Sender Information: | Marshall Law Office<br>702-474-0100 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

**Exhibit C**

**State Farm Mutual Automobile Insurance Company**
2700 South Sunland Drive
Tempe AZ  85282-3387

| | |
|---|---|
| NAMED INSURED | **DECLARATIONS PAGE** |
| | PAGE 1 OF 2 |

AT1                                              28-2267-2  A          A

000512  0058

LIU, JOANNE

| |
|---|
| POLICY NUMBER    098 3922-F12-28A |
| POLICY PERIOD OCT 12 2015 to DEC 12 2015 |
| 12:01 A.M. Standard Time |

AGENT
JEREMY H WALSER INS AGENCY INC
1725 S RAINBOW BLVD STE 11
LAS VEGAS, NV 89146-0088

PHONE: (702)367-1991

ST-8
0102-0406

**DO NOT PAY PREMIUMS SHOWN ON THIS PAGE.**
**IF AN AMOUNT IS DUE, THEN A SEPARATE STATEMENT IS ENCLOSE D.**

**YOUR CAR**

| YEAR | MAKE | MODEL | BODY STYLE | VEHICLE ID. NUMBER | CLASS |
|---|---|---|---|---|---|
| 2015 | LEXUS | ES 300H | 4DR | JTHBW1GG0F2100353 | 603060M000 |

| SYMBOLS | COVERAGE & LIMITS | PREMIUMS |
|---|---|---|
| A | Liability Coverage | |
| | Bodily Injury Limits | |
| | Each Person,   Each Accident | |
| | $500,000      $500,000 | |
| | Property Damage Limit | |
| | Each Accident | |
| | $500,000 | |
| C | Medical Payments Coverage | |
| | Limit - Each Person | |
| | $2,000 | |
| D | Comprehensive Coverage - $500 Deductible | |
| G | Collision Coverage - $500 Deductible | |
| H | Emergency Road Service Coverage | |
| R1 | Car Rental and Travel Expenses Coverage | |
| | Limit - Car Rental Expense | |
| | Each Day,      Each Loss | |
| | 80%             $1,000 | |
| U | Uninsured Motor Vehicle Coverage | |
| | Bodily Injury Limits | |
| | Each Person,   Each Accident | |
| | $500,000      $500,000 | |

| | |
|---|---|
| **Total premium for OCT 12 2015 to DEC 12 2015.** | This is not a bill. |

**IMPORTANT MESSAGES**

**NOTIFICATION OF POTENTIAL INCREASE IN PREMIUMS BASED UPON INCIDENTS OR CLAIMS**
Incidents, such as motor vehicle accidents and/or violations, as well as insurance claims may have an impact on your future car insurance premiums.   While the exact impact on premiums will depend on a variety of factors related to the specific incident or claim, State Farm uses the criteria below to determine premium surcharges under the Accident Record Rating Plan.

For new business rating, an accident is chargeable if it resulted in $750 or more of damage to any property.   For renewal business, an accident is chargeable if State Farm paid at least $750 (for accidents occurring on or after April 1, 1999) under property damage liability and collision coverages for an at-fault accident.   An at-fault accident is one that results in damage to any property.   An accident shall not be considered at-fault if the company is furnished sufficient evidence that the driver involved in the accident was less than 50% at-fault.   Policyholders with chargeable accidents may lose their Good Driving Discount or Accident-Free Discount and receive accident surcharges.   If the accident is the first in nine years and the policy has been in force for at least nine years, the Accident-Free Discount will continue and no surcharge will be applied.    The surcharge for each accident depends upon the number and timing of the accidents.   Each surcharge will remain in effect up to three years.   Surcharges will be removed if satisfactory evidence is furnished that the driver involved is no longer a member of the household or will not be driving the car in the future.   If that driver is insured on another State Farm policy, his or her driving record will be considered in the rating of the other policy.

This is just one example of the many factors that may have an impact on your individual premium.   For further information, see your State Farm Agent.

Replaced policy number 0983922-28.

**Your total renewal premium for JUN 12 2015 to DEC 12 2015 is $764.59.**

**Location used to determine rate charged-67 LIVING EDENS CT, LAS VEGAS NV  89148.**

CONTINUED

See Reverse Side

00663/02597
155-3866 2  04-2005  (o1a025hd)
I1SX0N  (o1a025te)

**Exhibit D**

**State Farm Mutual Automobile Insurance Company**
2700 South Sunland Drive
Tempe AZ  85282-3387

| DECLARATIONS PAGE |
| --- |
| PAGE 1 OF 2 |

NAMED INSURED

AT2                              28-2267-2  Z      A
        001235   0058
CHONG, WESLEY

| POLICY NUMBER   109 1212-A14-28 |
| --- |
| POLICY PERIOD JUL 14 2015 to JAN 14 2016<br>12:01 A.M. Standard Time |

AGENT
JEREMY H WALSER INS AGENCY INC
1725 S RAINBOW BLVD STE 11
LAS VEGAS, NV 89146-0088

PHONE: (702)367-1991

**DO NOT PAY PREMIUMS SHOWN ON THIS PAGE.**
**IF AN AMOUNT IS DUE, THEN A SEPARATE STATEMENT IS ENCLOSE  D.**

## YOUR CAR

| YEAR | MAKE | MODEL | BODY STYLE | VEHICLE ID. NUMBER | CLASS |
| --- | --- | --- | --- | --- | --- |
| 2016 | MAZDA | CX-5 | SPORT WG | JM3KE2BY8G0655856 | 603H60H000 |

| SYMBOLS | COVERAGE & LIMITS | PREMIUMS |
| --- | --- | --- |
| A | Liability Coverage | |
| | Bodily Injury Limits | |
| | Each Person,    Each Accident | |
| | $250,000      $500,000 | |
| | Property Damage Limit | |
| | Each Accident | |
| | $500,000 | |
| C | Medical Payments Coverage | |
| | Limit - Each Person | |
| | $25,000 | |
| D | Comprehensive Coverage - $1,000 Deductible | |
| G | Collision Coverage - $1,000 Deductible | |
| H | Emergency Road Service Coverage | |
| R1 | Car Rental and Travel Expenses Coverage | |
| | Limit - Car Rental Expense | |
| | Each Day,      Each Loss | |
| | 80%          $1,000 | |
| U | Uninsured Motor Vehicle Coverage | |
| | Bodily Injury Limits | |
| | Each Person,   Each Accident | |
| | $250,000      $500,000 | |

| Total premium for JUL 14 2015 to JAN 14 2016. | | This is not a bill. |
| --- | --- | --- |

CONTINUED
See Reverse Side

01807/03165
155-3866 2 04-2005 (o1a025hd)
I1SX0N   (o1a025te)

**Exhibit E**

07/30/2019

# MINICOZZI LAW OFFICE, LTD.

A Professional Corporation

July 26, 2019                                                    **VIA FACSIMILE**

**14 DAY TIME LIMIT DEMAND**

State Farm Mutual Automobile Insurance Company
**ATTN: Claims Department**
**PO Box 106170**
**Atlanta, GA 30348-6170**

Attention:      Jannette Bishop

|  |  |  |
|---|---|---|
| **Your Insured** | : | **Wesley Chong** |
| **My Client** | : | **Joanne Liu** |
| **Date of Loss** | : | **February 02, 2017** |
| **Claim Number** | : | **280217S07** |

Dear Ms. Bishop:

Our office has now had an opportunity to fully investigate the facts surrounding this case and acquire sufficient documentation upon which to formulate an objective evaluation of Mrs. Barragan's pending claims against your insured. Accordingly, we are submitting this letter with a view toward an amicable settlement of this matter without the further necessity of trial.

Nothing contained herein shall be deemed legally admissible or binding for any purpose, since this letter reflects an attempt on the part of our office to resolve these claims outside the courtroom. However, the facts as stated are accurate and will be presented at trial should this matter not settle.

The liability in this accident is quite clear. The adverse party was traveling on North Rampart Blvd towards Alta Drive. He failed to see my client who was stopped at the intersection of North Rampart Blvd and Alta Drive. He then struck my clients vehicle in the rear side. She was wearing her seatbelt.

1440 East Calvada Boulevard, Ste. 1000, Pahrump, Nevada Tel: 775.751.1200    Fax:775.751.1255 Email: minicozzilaw@aol.com

07/30/2019

Jannette Bishop
State Farm
July 26, 2019
Page -2-

As a result, our client suffered injuries to her head and back, but not limited to, brain injury, post concussive syndrome, cervical paraspinal muscle spasms, cervical, thoracic, and lumbar myofascial pain syndrome, cervical radiculopathy, lumbar radiculopathy, and thus deserves proper compensation for her injuries. Her pain and suffering was great, as she suffered from decreased thotacolumbar ranges of motion, attention, and concentration. As well as a decrease in her corpus colossal fiber tracts and left hippocompal atrophy, a balance impairment, and headaches. She is still treating and is currently receiving intensive therapy for cognitive issues. Attached to this correspondence are the medical records and specials for my client, Joanne Liu, for your review, as well as a copy of the police report.

The following is a breakdown of Ms. Liu's Damages;

| | |
|---|---|
| Dr. Fazzini, D.O. | $10,700.00 |
| Hamilton Mill Family Complete Care | $7,509.62 |
| Pueblo Medical Imaging | $1,650.00 |
| Nicola Chiropractic | $7,205.59 |
| Centennial Medical Group | $90,416.00 |
| Optimal Physical Therapy | $3,375.00 |
| Dr. Mortillaro, PH.D | $5,000.00 |
| ATI Physical Thereapy | $2,425.09 |

**Total Medical Specials for Joanne Liu:**     **$128,281.3**

After valuation, Ms. Liu has authorized us to settle her claim for One Million Dollars ($1,000,000.00) and 00/100 and or policy limits, at this time, in an effort to avoid further litigation. Based upon the foregoing, it is clear that the amount demanded is quite conservative and reasonable given the nature of the injuries reflected.

**ADVERSE CARRIER SETTLEMENT**

We settled this claim with the adverse insurance company for the policy limits of $25,000. Attached is the Release and the letter confirming policy limits.

07/30/2019

Jannette Bishop
State Farm
July 26, 2019
-3-

**UNDERINSURED MOTORIST SETTLEMENT**

In accepting a settlement of this case at this time, our client is wiling to bear the risk of any future exacerbation or complication attendant for any future treatment of her condition, or that she will, as a result thereof, incur further pain, suffering and inconvenience, as you know, with injuries such as these, permanent structural weaknesses are quite likely. Despite her injuries, our client has authorized us to attempt to settle her case at this time, in advance of trial.

After properly evaluating the claim, Ms. Joanne Liu has authorized us to settle her under-insured motorist claim for One Million Dollars and 00/100 ($1,000,000.00), or policy limits whichever is less. Based upon the forgoing, it is clear that the amount demanded is quite reasonable given the serious and permanent nature of the injuries reflected. As we have already received Twenty Five Thousand Dollars and 00/100 ($25,000.00) from the adverse carrier, we would be willing to settle the under-insured motorist claim for the policy limit of Two Hundred Thousand Dollars and 00/100 ($250,000.00). As you know, in the State of Nevada, uninsured and under-insured limits are one and the same/

Since much time has already been expended in attempting to gather sufficient data to enable us to make a meaningful evaluation, I strongly urge you to study this proposal for settlement as quickly as your schedule allows. We wish not to delay the settlement process in this claim any further. Therefore, we request that you please expedite the handling of this claim so that we can try to allow our client, Joanne Liu, to have closure to this matter. Therefore, this offer will remain open for 15 days from the date of this letter, after which time it will be revoked without further notice to you. At which time we will be proceeding to litigation on behalf of our client.

Sincerely,

LOUIS M. MINICOZZI III, **ESQ.**
Louis M. Minicozzi III, Esq.

LMM/ao
enclosures as stated

07/30/2019

# MINICOZZI LAW OFFICE, LTD.

A Professional Corporation

July 26, 2019                                              **VIA MAIL**

**14 DAY TIME LIMIT DEMAND**

State Farm Mutual Automobile Insurance Company
**ATTN: Claims Department**
**PO Box 106170**
**Atlanta, GA 30348-6170**

Attention:      Jannette Bishop

|                   |   |                      |
|-------------------|---|----------------------|
| **Your Insured**  | : | **Wesley Chong**     |
| **My Client**     | : | **Wesley Chong**     |
| **Date of Loss**  | : | **February 02, 2017**|
| **Claim Number**  | : | **280217S07**        |

Dear Ms. Bishop:

Our office has now had an opportunity to fully investigate the facts surrounding this case and acquire sufficient documentation upon which to formulate an objective evaluation of Mr. Chong's pending claims against your insured. Accordingly, we are submitting this letter with a view toward an amicable settlement of this matter without the further necessity of trial.

Nothing contained herein shall be deemed legally admissible or binding for any purpose, since this letter reflects an attempt on the part of our office to resolve these claims outside the courtroom. However, the facts as stated are accurate and will be presented at trial should this matter not settle.

The liability in this accident is quite clear. The adverse party was traveling on North Rampart Blvd towards Alta Drive. He failed to see my client who was stopped at the intersection of North Rampart Blvd and Alta Drive. He then struck my clients vehicle in the rear side. He was wearing his seatbelt.

1440 East Calvada Boulevard, Ste. 1000, Pahrump, Nevada Tel: 775.751.1200    Fax: 775.751.1255 Email: minicozzilaw@aol.com

07/30/2019

Jannette Bishop
State Farm
July 26, 2019
Page -2-

As a result, our client suffered severe injuries to his back, but not limited to, Facet Syndrom Lumbar, muscle spasms of the back, strain of lower back, sprain of cervical ligaments. He also has seg and somatic dysf of the cervical, lumbar, sacral, and pelvic region. Additionally he sustained an extraforminal subligamentous annulor tear for which he is still undergoing therapy. Attached to this correspondence are the medical records and specials for my client, Wesley Chong, for your review, as well as the police report.

The following is a breakdown of Mr. Chong's Damages;

| | |
|---|---|
| Hamilton Mill Family Complete Care | $11,241.00 |
| Centennial Medical Group | $16,560.00 |
| Nicola Chiropractor | $3089.03 |
| Las Vegas Radiology | $1,650.00 |

| | |
|---|---|
| **Total Medical Specials for Wesley Chong:** | $32,540.00 |

After valuation, Mr. Chong has authorized us to settle his claim for Three Hundred Thousand Dollars ($300,000.00) and 00/100 and or policy limits, at this time, in an effort to avoid further litigation. Based upon the foregoing, it is clear that the amount demanded is quite conservative and reasonable given the nature of the injuries reflected.

## ADVERSE CARRIER SETTLEMENT

We settled this claim with the adverse insurance company for the policy limits of $24,500. Attached is the Release and the letter confirming policy limits.

07/30/2019

Jannette Bishop
State Farm
July 26, 2019
-3-

## UNDERINSURED MOTORIST SETTLEMENT

In accepting a settlement of this case at this time, our client is wiling to bear the risk of any future exacerbation or complication attendant for any future treatment of his condition, or that he will, as a result thereof, incur further pain, suffering and inconvenience, as you know, with injuries such as these, permanent structural weaknesses are quite likely. Despite his injuries, our client has authorized us to attempt to settle his case at this time, in advance of trial.

After properly evaluating the claim, Mr. Wesley Chong has authorized us to settle his under-insured motorist claim for Three Hundred Thousand Dollars and 00/100 ($300,000.00), or policy limits whichever is less. Based upon the forgoing, it is clear that the amount demanded is quite reasonable given the serious and permanent nature of the injuries reflected. As you know, in the State of Nevada, uninsured and under-insured limits are one and the same/

Since much time has already been expended in attempting to gather sufficient data to enable us to make a meaningful evaluation, I strongly urge you to study this proposal for settlement as quickly as your schedule allows. We wish not to delay the settlement process in this claim any further. Therefore, we request that you please expedite the handling of this claim so that we can try to allow our client, Wesley Chong, to have closure to this matter. Therefore, this offer will remain open for 15 days from the date of this letter, after which time it will be revoked without further notice to you. At which time we will be proceeding to litigation on behalf of our client.

Sincerely,

LOUIS M. MINICOZZI III, ESQ.

Louis M. Minicozzi III, Esq.

LMM/ao
enclosures as stated

1440 East Calvada Boulevard, Ste. 1000, Pahrump, Nevada Tel: 775.751.1200    Fax: 775.751.1255 Email: minicozzilaw@aol.com

# MINICOZZI LAW FIRM, LTD.

A Professional Corporation

January 10, 2019
VIA FACSIMILE1(844) 218-1140
Remaining Records to follow by mail

## 15 DAY TIME LIMIT DEMAND

State Farm Mutual Automobile Insurance Company
ATTN: Claims Department
PO Box 106170
Atlanta, GA 30348-6170

Attention:    Amy Campbell

| | | |
|---|---|---|
| **Your Insured** | : | **Wesley Chong** |
| **My Client** | : | **Joanne Liu** |
| **Date of Loss** | : | **02/12/2017** |
| **Claim Number** | : | **28-0217-S07** |

Dear Ms. Campbell/

Our office has now had an opportunity to fully investigate the facts surrounding this case and acquire sufficient documentation upon which to formulate an objective evaluation of Ms. Liu's pending claims against your insured. Accordingly, we are submitting this letter with a view toward an amicable settlement of this mater without the further necessity of trial.

Nothing contained herein shall be deemed legally admissible or binding for any purpose, since this letter reflects an attempt on the part of our office to resolve these claims outside the courtroom. However, the facts as stated are accurate and will be presented at trial should this matter not settle.

The liability in this accident is quite clear. The adverse party was traveling on North Rampart Blvd towards Alta Drive. He failed to see my client who was stopped at the intersection of North Rampart Blvd and Alta Drive. He then struck my clients vehicle in the rear side. She was wearing her seatbelt.

1440 E. Calvada Blvd. Ste. 1000 Pahrump, Nevada 89048 Telephone: (775) 751-1200 Facsimile (775) 751-1255

Amy Campbell, Claims Representative
State Farm
January 10, 2019
Page -2-

As a result, our client suffered injuries to her head and back, but not limited to, brain injury, post
concussive syndrome, cervical paraspinal muscle spasms, cervical, thoracic, and lumbar
myofascial pain syndrome, cervical radiculopathy, lumbar radiculopathy, and thus deserves
proper compensation for her injuries. Her pain and suffering was great, as she suffered from
decreased thotacolumbar ranges of motion, attention, and concentration. As well as a decrease in
her corpus colossal fiber tracts and left hippocompal atrophy, a balance impairment, and
headaches. She is still treating and is currently receiving intensive therapy for cognitive issues.
Attached to this correspondence are the medical records and specials for my client, Joanne Liu,
for your review, as well as a copy of the police report.

The following is a breakdown of Ms. Liu's damages:

| | |
|---|---|
| Dr. Fazzini, D.O. | $9,200.00 |
| Hamilton Mill Family Complete Care | $7,509.62 |
| Pueblo Medical Imaging | $1,650.00 |
| Nicola Chiropractic | $7,205.59 |
| Centennial Medical Group | $90,416.00 |
| Optimal Physical Therapy | $3,375.00 |
| ATI Physical Therapy | (Pending) |
| Desert Radiology | (Pending) |
| CNS Clinical Neurology Specialists | (Pending) |
| Steinberg Diagnostic Medical Imaging | (Pending) |
| Dr. Mortillaro, PH.D | $5000.00 |

**Total Medical Specials for Joanne Liu:**          **$124,356.21**+ ( To Be Supplemented)

After valuation, Ms. Liu has authorized us to settle her claim for Seven Hundred Fifty Thousand
Dollars ($750,000) and 00/100 and or policy limits whichever is less, at this time, in an effort to
avoid further litigation. Based upon the forgoing, it is clear that the amount demanded is quite
conservative and reasonable given the serious and permanent nature of the injuries reflected.

## ADVERSE CARRIER SETTLEMENT

We settled this claim with the adverse insurance company for the policy limits of $25,000.
Attached is the release and the letter confirming policy limits.

1440 E. Calvada Blvd. Ste. 1000 Pahrump, Nevada 89048 Telephone: (775) 751-1200 Facsimile (775) 751-1255

Amy Campbell, Claims Representative
State Farm
January 10, 2019
Page -3-

## **UNDERINSURED MOTORIST SETTLEMENT**

In accepting a settlement of this case at this time, our client is wiling to bear the risk of any future exacerbation or complication attendant for any future treatment of her condition, or that she will, as a result thereof, incur further pain, suffering and inconvenience. as you know, with injuries such as these, permanent structual weaknesses are quite likely. despite her injuries, our client has authorized us to attempt to settle her case at this time, in advance of trial.

After properly evaluating the claim, Ms. Joanne Liu has authorized us to settle her under-insured motorist claim for Seven Hundred and Fifty Thousand Dollars and 00/100 ($750,000), or policy limits whichever is less. Based upon the foregoing, it is clear that the amount demanded is quite reasonable given the serious and permanent nature of the injuries reflected. As we have already received Twenty Five Thousand Dollars and 00/100 ($25,000) from the adverse carrier, we would be willing to settle the under-insured motorist claim for the policy limit of Two Hundred and Fifty Thousand Dollars and 00/100 ($250,000). As you know, in the State of Nevada, uninsured and under-insured limits are one and the same.

Since much time has already been expended in attempting to gather sufficient data to enable us to make a meaningful evaluation, I strongly urge you to study this proposal for settlement as quickly as your schedule allows. We wish not to delay the settlement process in this claim any further. Therefore, we request that you please expedite the handling of this claim so that we can try to allow our client, Joanne Liu, to have closure to this matter. Therefore, this offer will remain open for 15 days from the date of this letter, after which time it will be revoked without further notice to you. At which time we will be proceeding to litigation on behalf of our client.

Sincerely,

*Louis Minicozzi*

Louis Minicozzi III, Esq.

LMM/ao
enclosures as stated

1440 E. Calvada Blvd. Ste. 1000 Pahrump, Nevada 89048 Telephone: (775) 751-1200 Facsimile (775) 751-1255

**Exhibit F**

## DECLARATION OF ANDREW D. SMITH, ESQ., IN SUPOPRT OF PETITION FOR REMOVAL

I, ANDREW D. SMITH, do hereby state the following under penalty of perjury:

1. I am above the age of 18 years old. I am a resident of Clark County, Nevada. I am an attorney licensed by the State Bar of Nevada and the U.S. District Court for the District of Nevada. I am employed with the law firm Winner Booze & Zarcone.

2. The statements in this declaration are true to my own knowledge, except for those status upon information and belief. As for those, I believe them to be true.

3. I represent State Farm Mutual Automobile Insurance Company in the matter of *Joanne Liu and Wesley Chong vs. State Farm Mutual Automobile Insurance Company*.

4. State Farm Mutual Automobile Insurance Company is incorporated in the state of Delaware. Its corporate headquarters are in the state of Illinois.

5. I have communicated with both State Farm employees and with Plaintiffs' prior counsel, Louis Minicozzi, Esq., about the claims at issue in this lawsuit. Prior to litigation, Plaintiff Joanne Liu demanded $1,000,000 or the policy limit, and Plaintiff Wesley Chong demanded $300,000.

6. State Farm Claims Representative Katherine Koehl informed me that State Farm received notice of the lawsuit from the Nevada Insurance Commission via certified mail on December 21, 2021. She also informed me that State Farm had no knowledge or notice of the lawsuit before that date. I believe these statements to be true based on the mailing postmark on the envelope and the timing of Ms. Koehl's communications with me.

DATED January 20, 2022.

Andrew D. Smith
Nevada Bar No. 8890