**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

Joanne Liu, et al.,

                    Plaintiffs

        v.

State Farm Mutual Automobile Insurance
Company,

                    Defendant

Case No. 2:22-cv-00099-CDS-BNW

**Order Rejecting Proposed**
**Joint Pretrial Order**

[ECF No. 50]

The parties submitted a proposed joint pretrial order that does not comply with Local Rules 16-3 and 16-4. *See* ECF No. 50. Accordingly, I hereby reject it.

The proposed order violates Local Rules 16-3 and 16-4 for several reasons. As a threshold matter, the parties' proposed order does not comply with the format outlined in LR 16-4. In their schedules of exhibits, both sides list almost all of the same exhibits, and the plaintiffs note that they will "adopt and will use every exhibit identified by the [d]efendant." Yet it appears that the exhibits are not stipulated into evidence to be marked by the clerk. ECF No. 50 at 3–16. If there are no objections, the proposed exhibits should be stipulated into evidence. It seems that the parties did not engage in a meaningful discussion as required by Local Rule 16-3(b); nor did they discuss stipulating to admissibility, authentication, or identification of documents as required by Local Rule 16-3(b)(8)(B).

The parties also attempt to reserve the right to use every exhibit identified by the other side. ECF No. 50 at 6, 22. No such right exists. The defendant's list includes expert reports which are usually precluded as hearsay, but even more problematic, the defendant appears to impermissibly list every document that has ever been produced in this case—multiple times. For example, Exhibit Y includes Chong's medical records from ten providers, then multiple

following exhibits include the **same** medical records from the **same** providers. *Compare id.* at 7, Ex. Y, *with id.* at 7–11 (Exs. LL, *UUU*, *GG*, JJJ, KK, *GGG*, HH, *GGG*, QQQQ, TTTT, MM, FFF, TTT, DDDDDD, KKKKKK, NNNNNN). Furthermore, it is not permissible to include the catch-all of "Responses to [ ] Request for Production of Documents" as the parties have done here. *Id.* at 15–16. If what the parties mean to express is capturing every single document that plaintiffs or defendant identified in response to their document requests, this is noncompliant. Again, under LR 16-3(b)(8), the exhibit lists must include all exhibits that will be offered at trial, and those exhibits must be described "sufficiently for ready identification[.]"

Plaintiffs' witness list includes "persons most knowledgeable and/or custodians of records," which would be unnecessary if the parties had discussed stipulating to authenticity as required by Local Rule 16-3(b)(8)(B). While the parties are not required to list only those exhibits and witnesses that they are sure to offer at trial, they cannot simply list every document and person identified in discovery.

Further, Local Rule 16-3(b)(10) requires parties to identify the depositions they intend to offer at trial, "designating the portions of the deposition to be offered." The parties' proposed order ignores this rule by listing depositions without designating the specific portions to be offered at trial. ECF No. 50 at 16. This also makes it impossible for each side to state their objections as required by Local Rule 16-3(b)(11).

The joint pretrial order is designed to streamline trial preparation and presentation, and to foster settlement. The parties cannot simply list every document and person in a joint pretrial order and wait until the eve of trial to make trial decisions. A more fulsome effort is required by all parties. It is apparent from the proposed joint pretrial order that the parties ignored the requirements of Local Rules 16-3 and 16-4.

**Conclusion**

IT IS THEREFORE ORDERED that the parties' proposed joint pretrial order **[ECF No. 50]** is **REJECTED**. The parties must confer and submit a second proposed joint pretrial order that complies with Local Rules 16-3 and 16-4 by March 22, 2024.

Dated: March 8, 2024

_____
Cristina D. Silva
United States District Judge